**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 06-1534

KERRY M. CASTELLO,

Plaintiff, Appellant,

v.

SUSAN J. MARTIN, ET AL.,

Defendants, Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella, and Howard, Circuit Judges.

Kerry M. Castello, on brief pro se.
Stephen G. Dietrick, Deputy General Counsel, Legal Division,
Department of Correction and Nancy Ankers White, Special Assistant
Attorney General, on brief for defendant, appellee Susan J. Martin.
James A. Bello, Morrison Mahoney, LLP and Lisa R. Wichter,
Morrison Mahoney, LLP, on brief for defendants, appellees Aaron
Lazare, M.D., Arthur Brewer, M.D., and Donna Jurdak, R.N.

October 2, 2006

**Per Curiam**.    Kerry M. Castello, a pro se prisoner, appeals the district court's entry of summary judgment dismissing his civil rights complaint in which he asserts an Eighth Amendment claim for deliberate indifference to his serious medical needs. Castello also appeals the district court's denial of his Fed. R. Civ. Pro. 59(e) motion to alter or amend judgment.    We have carefully reviewed the record and affirm substantially for the reasons stated in the district court's memorandum decision, adding only the following.

Castello was diagnosed with the Hepatitis C virus ("HCV") in October 2001, while incarcerated at MCI-Norfolk.  Since at least 2003, when UMass Correctional Health ("UMCH") began providing medical services for the Massachusetts Department of Corrections, Castello has demanded that he receive a particular treatment for his HCV:  a combination drug therapy using pegylated interferon and ribavirin.  UMCH has monitored Castello's medical condition through regular blood tests and a liver biopsy, which have consistently shown that Castello suffers from a mild form of the disease.

In October 2003, pursuant to the UMCH Protocol for treating inmates with HCV, Castello was placed on the waiting list for the combination drug therapy.  Castello has been informed that budget constraints limit the number of inmates who can receive the combination drug therapy, and those inmates with more severe forms of the disease have priority on the treatment list.    When the

evidentiary record closed in the district court, Castello's medical condition remained essentially unchanged and he was still waiting for the combination drug therapy.

On this record, which we have reviewed *de novo*, indulging every inference in Castello's favor, Rathbun v. Autozone, Inc., 361 F.3d 62, 66 (1st Cir. 2004), we agree with the district court's conclusion that Castello failed to show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Miranda v. Munoz, 770 F.2d 155, 259 (1st Cir. 1985) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  While it is clear that Castello strongly disagrees with the medical care he is receiving, it is also clear that UMCH is providing "decent, timely heath care ... at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards."  United States v. DeCologero, 821 F.2d 39, 42 (1st Cir. 1987).  Castello's own evidence, submitted in support of his summary judgment motions, shows that modern medical science has reached a consensus that treatment generally is appropriate for patients suffering more severe cases of HCV, where a liver biopsy shows moderate inflammation and necrosis and portal or bridging fibrosis.   E.g., National Institutes for Health Consensus Development Statement*,* "Management of Hepatitis C: 2002."  None of these conditions were detected in Castello's liver biopsy.  On this record, Castello failed to show that he has suffered an objectively

-3-

serious deprivation, or that appellees have subjectively acted in "wanton disregard" of his rights.  DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  See also Bender v. Regier, 385 F.3d 1133, 1135 (8th Cir. 2004) ("Treatment for [HCV] patients with mild liver problems may be safely deferred.").

Castello also challenges the district court's refusal to strike the medical defendants'[1] opposition to his motion for summary judgment and cross-motions for summary judgment, filed two weeks late, without prior permission or explanation.  Although we do not condone such disregard of a court-ordered deadline, where there is no showing of repeated failures to adhere to deadlines, bad faith or prejudice, and the delay is minimal, we find no abuse of discretion in the district court's actions.  Stonkus v. City of Brockton School Dep't, 322 F.3d 97, 101 (1st Cir. 2003).  We also find no abuse of discretion in the court's refusal to strike the exhibits attached to defendants' late-filed pleading because of defendants' failure to authenticate the exhibits by affidavit, as required by the plain language of Rule 56(e).  Again, we do not condone this serious omission, see Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2002), but conclude that because each of the disputed

---

[1]    The "medical defendants" are appellees Dr. Lazare, Dr. Brewer, and Nurse Brewer, all represented by private counsel. Appellee Susan Martin is represented by a Special Assistant Attorney General for the Department of Corrections.

exhibits (except for the Brewer Affidavit, which was properly authenticated pursuant to Rule 56(e)) was filed with the court and properly authenticated by Castello in support of his summary judgment pleadings, no purpose would have been served by striking the exhibits from this particular pleading.

Finally, we find no abuse of discretion in the court's denial of Castello's Rule 59(e) motion. The minor factual errors in the district court's memorandum decision, while unfortunate, are not dispositive.

<u>Affirmed</u>.